IN THE CHANCERY COURT OF TIPTON COUNTY, TENNESSEE

HUNTER LYNN GLENN, a minor,
And John Ragan Lang and Dana Lynn Lang, Co-Guardians,
Petitioners,
v.                                                        Docket Number 24,654
UNUM LIFE INSURANCE COMPANY                               JURY TRIAL DEMANDED
OF AMERICA,
Respondent.

### AMENDED PETITION BY CO-GUARDIANS FOR RELIEF AGAINST UNUM LIFE INSURANCE COMPANY OF AMERICA

**COME NOW** the Petitioners, John Ragan Lang and Dana Lynn Lang as Co-Guardians of the person of Hunter Lynn Glenn, a minor, for relief against the Unum Life Insurance Company of America (hereinafter "Unum" and/or "Respondent") for the reasons as follows:

### DEFENDANT

1. Unum is believed to be a group life insurance company doing business in the State of Tennessee although the Department of Commerce and Insurance does not have authority to accept service on the Respondent.

2. Unum has a business name of Unum Life Insurance Company of America with its principle place of business in Portland, Maine.

3. In accordance with correspondence from the attorney who will be representing Unum Life Insurance Company of America, the former named Respondent, UnumProvident Corporation (now Unum Group), is the parent corporation of Unum; and therefore, the actual party in interest is Unum Life Insurance Company of America. Pursuant to this correspondence, this second amendment makes this change in this pleading. See Exhibit "A" attached hereto.





1

## JURISDICTION

4. The life insurance contract was entered into between the decedent and Unum in Tennessee.

5. The Unum life insurance policy was issued to Terry Lynn Glenn through his employer, the City of Millington, Tennessee.

6. Unum issued the life insurance policy in the amount of One Hundred Thousand Dollars and 00/100 ($100,000.00) on the life of Terry Lynn Glenn pursuant to the requirements of a divorce decree and a Marital Dissolution Agreement between the insured and a co-guardian in this matter, Dana Lynn Lang.

7. This Marital Dissolution Agreement was filed with this Court on or about January 8, 1999, and the Final Decree of Divorce was entered by this Court on February 18, 1999, under docket number 17,368.

## FACTS

8. A claim was provided to Unum for Terry Lynn Glenn who passed away June 20, 2001.

9. Unum acknowledged that they approved of the claim for the "[p]roceeds in the amount of One Hundred Thousand Dollars and 00/100 ($100,00.00), which represents the insurance proceeds payable under this policy plus any applicable interest ..." on July 19, 2001. See Exhibit "B" attached hereto.

10. Even though Unum had approved the claim, they refused to arrange payments for the claim until the ward, Hunter Lynn Glenn, was twenty-one (21) years old.

11. An individual who identified himself as John Gross, the Customer Care Specialist handling the case for Respondent Unum, told co-guardian Dana Lynn Lang that they would not pay the claim until the ward, Hunter Lynn Glenn, reached the age of 21.

12. Unum repeatedly refused to provide a copy of any relevant information about this policy.

2

13. Unum refused to provide a copy of the life insurance policy, a copy of any declaration page for the policy, or any other information except a monthly statement for an account identified as a Unum Security Account numbered 84000XXXX (last four digits omitted).

14. This account shows that there is a balance for this account with an annual percentage rate of One Percent (1%) for the principle sum in this account.

15. Unum finally made a distribution of One Hundred Eight Thousand Five Hundred Seventy Eight and 88/100 ($108,578.88) on or about December 27, 2006, after learning that this action was filed.

16. This distribution does not provide for the proper amount of interest that this sum should have received had Unum properly invested this amount and returned all of the interest earned.

17. Unum, through its agent, originally claimed that there was no control over relative interest rates, then, that position was corrected. See Exhibit "C" attached hereto.

18. Therefore, Unum acting as a fiduciary, breached their obligation as they did not pay all of the interest earned or they failed to properly supervise the account so that the interest earned could have been increased and paid out at the time of distribution.

19. This legal action had to be filed in order to have this claim paid.

20. This refusal to pay is not in good faith.

21. The One Percent (1%) annual interest rate is not even a market rate so that Unum is benefiting from this continued failure to pay, and the regular market interest rate and principle is being wrongfully withheld by Respondent.

22. Since these amounts have been paid, Respondent has earned substantial compounded interest that should have benefited of the ward of this guardianship.

23. The interest rates that should have been paid since July 2001 should be in the range of approximately Ten Percent (10%) compounded annually.

24. Service of Process for the original Petition By Co-Guardians For Relief Against UnumProvident was attempted through the Department of Commerce & Insurance, but the service was returned on or about December 12, 2006 as they stated that they did not have authority to accept service.

25. Additional facts were learned and included as shown in this amended petition.

WHEREFORE, PREMISES CONSIDERED, Petitioners would respectfully request:

1. Proper process issue, and require Respondent to answer this Petition;

2. That the Court set this matter to be heard as expeditiously as practicable;

3. That the Court have the relevant issues of this petition tried before a jury;

4. That Respondent be ordered to immediately provide the insurance claim and the proceeds for this claim including an accounting since the approval of this claim by Unum;

5. That this Court award treble damages pursuant to the Tennessee Consumer Protection Act;

6. That this Court award damages pursuant to Tenn. Code Ann § 56-7-105 for Respondent's refusal to pay;

7. That the court costs, attorneys' fees, and other related expenses of the attorneys incurred in this matter be awarded to the Petitioners; and,

8. That Petitioners have such other and further relief, whether general or specific, to which they may be entitled in these premises.

Respectfully submitted,

William Bryan Penn # 018173
ATTORNEY FOR PETITIONERS
Penn & Associates, P.C.
100 North Main Building, Suite 1930
Memphis, Tennessee 38103
Telephone: (901) 569-2122

## OATH

I, John Ragan Lang, after being duly sworn according to law, make oath that the facts stated in the foregoing Petition are true to the best of my knowledge, information and belief.

_____
John Ragan Lang

STATE OF TENNESSEE
COUNTY OF SHELBY

Before me, a Notary Public in and for the said State and County, duly commissioned and qualified, personally appeared John Ragan Lang, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed.

WITNESS my hand and Notary Seal as office this 7th day of June 2007.

_____
Notary Public

My Commission Expires: _____

## OATH

I, Dana Lynn Lang, after being duly sworn according to law, make oath that the facts stated in the foregoing Petition are true to the best of my knowledge, information and belief.

_____
Dana Lynn Lang

STATE OF TENNESSEE
COUNTY OF SHELBY

Before me, a Notary Public in and for the said State and County, duly commissioned and qualified, personally appeared Dana Lynn Lang, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that she executed the same as his free act and deed.

WITNESS my hand and Notary Seal as office this 7th day of June 2007.

_____
Notary Public

My Commission Expires: _____

5

## CERTIFICATE OF SERVICE

    I hereby certify that a true and exact copy of the foregoing has been served upon Respondent by placing a copy of same in the U. S. Mail, first class postage prepaid, and via hand- delivery to Respondent's counsel to:

> S. Russell Headrick, Esquire
> Baker, Donelson, Bearman, Caldwell & Berkowitz
> First Tennessee Building
> 165 Madison Avenue, Suite 2000
> Memphis, Tennessee 38103

On this the 7th day of June 2007.

_____
William Bryan Penn

Jun-05-2007  03:03pm  From-BAKERDONELSON          +9015772303        T-780  P.002/003  F-741

LAW OFFICES
# BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
A PROFESSIONAL CORPORATION

FIRST TENNESSEE BUILDING
165 MADISON AVENUE
SUITE 2000
MEMPHIS, TENNESSEE 38103

(901) 526-2000
**FACSIMILE**
(901) 577-2303

S. RUSSELL HEADRICK
Direct Dial: (901) 577-2366
Direct Fax: (901) 577-4264
E-Mail Address: rheadrick@bakordonelson.com

June 5, 2007

William Bryan Penn                                    **VIA FAX (901) 531-7000**
Penn & Associates, PC                                 **& REGULAR MAIL**
100 North Main Building, Suite 1930
Memphis, TN 38103

Re: *Hunter Lynn Glenn, a minor, and John Ragan Lang and Dana Lynn Lang, Co-Guardians v. UnumProvident Corporation, aka Unum Life Insurance Company of America*

Dear William:

This confirms our telephone conversation last week in which I told you that I will be representing Unum Life Insurance Company of America in reference to this matter. As we discussed, I do not believe that you have effected service of process in this case nor do I believe that the manner of service you contemplate comports with the requirements of the Tennessee Rules of Civil Procedure. Additionally, I believe that you have sued the wrong party. Unum Life Insurance Company of America issued the group life insurance policy under which the life insurance benefits at issue in this case were payable. Thus, Unum Life Insurance Company of America, not its parent corporation, UnumProvident Corporation (now Unum Group), is the appropriate defendant and would be responsible for paying any final, non-appealable judgment that may be rendered in this case.

To clarify party and service issues, I suggest that you file an amended petition that names Unum Life Insurance Company of America -- a Maine corporation, with its principal place of business in Portland, Maine and authorized to transact the business of insurance in the State of Tennessee -- as the only party defendant. If you do so, my client has authorized me to accept service of process on its behalf. Thus, you can accomplish service of process by mailing the amended petition to me and we will agree that the date I actually receive the amended petition will constitute the effective date of service of process.

ALABAMA • GEORGIA • LOUISIANA • MISSISSIPPI • TENNESSEE • WASHINGTON, D.C. • BEIJING, CHINA
Representative Office
DIHC International, LLC

EXHIBIT "A"

William Bryan Penn
June 5, 2007
Page 2

I believe that this is a reasonable way to straighten out these procedural issues.

Let me know if you have any questions. Otherwise, I look forward to receiving a copy of the amended petition naming Unum Life Insurance Company of America as the party defendant in this case.

Since you indicated you would not be proceeding with the pretrial on Thursday, June 7, 2007 at 10:00 a.m. if you had not perfected service, please confirm that you have notified the court to cancel that hearing.

I look forward to working with you in this case.

Yours very truly,

S. Russell Headrick

SRH/rf



UNUMPROVIDENT CORPORATION
Group Life Customer Care Center
PO Box 9061
Portland, ME 04104-5046
FAX: 1-207-575-6096

July 19, 2001



Dana Lang, as Guardian of Hunter Glenn
673 Pryor Rd
Drummonds TN 38023

Dear Ms. Lang:

I am writing to you today to tell you I have processed the group life insurance claim submitted on behalf of Terry Glenn, and now want you to know that the claim has been approved.

Proceeds in the amount of $100,000.00, which represents the insurance proceeds payable under this policy plus any applicable interest have been approved. Because the beneficiary, Hunter Glenn, is a minor, Unum Life Insurance Company of America is holding the proceeds with interest until he reaches age 18, or until we have verification that a financial guardian has been appointed for him.

The law requires anyone who receives benefits from a group life insurance policy to file a W-9 form, which I have enclosed for you to complete on Hunter Glenn's behalf. Please return it to me with a copy of Hunter Glenn's birth certificate in the enclosed envelope.

We need this information because we are required to report certain amounts of interest paid on the proceeds of all group life insurance policies. We must also verify the beneficiary's Social Security number or tax identification number. After 60 days, we are required to withhold 31 percent of interest payments made to anyone who has not supplied us with a taxpayer identification number. In order to avoid possible tax penalties, I encourage you to return the W-9 form as soon as you can. Also, if you or Hunter Glenn move, please send me your new address so I will be able to contact you in the future.

If you have any questions, please do not hesitate to call me at the toll-free number below.

Sincerely,

*John Gross*

John Gross, Customer Care Specialist
Unum Life Insurance Company of America
1-800-445-0402, ext. #5-6412

cc:   City of Millington
      File

EXHIBIT "B"

Unum is the marketing brand of UnumProvident Corporation



Smart Service. Great Ideas.

December 28, 2006

William Bryan Penn
Penn & Associates, PC
Attorneys at Law
100 North Main Building, Suite 1930
Memphis, Tennessee 38103

RE:  Insured:         Terry Lynn Glenn (deceased)
     Policy Number:   521406
     Claim Number:    0098962033

Dear Mr. Penn:

Thank you for your December 26, 2006 letter of representation for John Ragan Lang and Dana Lynn Lang, who have been named co-guardians of the estate of Hunter Lynn Glenn, a minor.

Enclosed is a copy of the claim file for Terry Lynn Glenn, which documents that the claim for life insurance benefits was received at Unum Life Insurance Company of America (hereafter 'Unum') on July 17, 2001 and the proceeds were paid to the named beneficiary of record, Hunter Lynn Glenn, a minor, via a retained asset account (the Unum Security Account) on July 19, 2001 (please refer to the enclosed Payment History and Payment History Detail statements). Our claim decision letter dated the same advised Dana Lang that Unum was holding the proceeds with interest until Hunter reached age 18, or until we had verification that a financial guardian had been appointed for him. Such documentation from the Chancery Court, State of Tennessee, Tipton County was received at Unum on December 22, 2006 via facsimile along with your letter dated the same.

Enclosed is a check in the amount of $108, 578.88 ($100,000.00 benefit plus $8,578.88 interest) payable to John Ragan Lang & Dana Lynn Lang co-guardians of the estate of Hunter Lynn Glenn, a minor, which closes the retained asset account as referenced above.

In my prior correspondence with you, I incorrectly stated "...that Unum has no control over interest rates set by the bank" and I apologize for this misstatement. I have learned that Unum periodically reviews the interest rate paid on the retained asset account and adjusts said rate accordingly. Consideration is given to competitive rates for like products and the overall interest rate in the current financial environment. The same interest rate is paid on all retained asset accounts. Unum does not adjust interest rates for individual accounts based on local bank rates or investment opportunities.

EXHIBIT "C"

006

*With regard to the interest history for Hunter Lynn Glenn's retained asset account our computer records are limited to interest accrued between February 5, 2005 and December 27, 2006 (copy enclosed). I respectfully refer you to the monthly statements that were provided to Hunter Lynn Glenn for the account transactions from July 2001 through January 2005.*

I have also enclosed a copy of City of Millington's group Life Insurance Plan for your review.

If you have questions specific to this response, please contact me directly at 1-207-575-2650.

Sincerely,

*[signature: Carol Stanton]*

Carol Stanton
Senior Complaints Specialist
Unum Life Insurance Company of America

Enclosures

007

IN THE CHANCERY COURT OF TIPTON COUNTY, TENNESSEE

HUNTER LYNN GLENN, a minor, and )
JOHN RAGAN LANG and DANA LYNN )
LANG, CO-GUARDIANS, )
 )
    Petitioners, )
 )
v. )   Docket No. 24,654
 )
UNUM LIFE INSURANCE COMPANY OF )
AMERICA, )
 )
    Respondent. )

**NOTICE OF FILING NOTICE OF REMOVAL**

PLEASE TAKE NOTE that Defendant, Unum Life Insurance Company of America ("Unum"), filed with the Clerk of the United States District Court for the Western District of Tennessee, Western Division on June 13, 2007, a Notice of Removal of this case from the Chancery Court of Tipton County, Tennessee to the United States District Court for the Western District of Tennessee at Memphis. Unum attaches a copy of the Notice of Removal as Exhibit A.

                                      Respectfully Submitted,

                                      S. Russell Headrick (TN5705)
                                      Leigh M. Chiles
                                      BAKER, DONELSON, BEARMAN
                                      CALDWELL & BERKOWITZ, P.C.
                                      165 Madison Ave., Suite 2000
                                      Memphis, TN 38103
                                      (901) 577-2366 (direct phone)
                                      (423) 577-4264 (direct fax)
                                      rheadrick@bakerdonelson.com

                                      *Attorneys for Defendant*
                                      *Unum Life Insurance Company of America*


EXHIBIT B

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing has been served upon the following via prepaid U.S. Mail this 13th day of June, 2007.

William Bryan Penn
100 North Main Building
Suite 1930
Memphis, TN  38103

*S. Russell Headrick*
S. Russell Headrick

2